IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

LAURIE A. SHELTON and  *
EDWARD SHELTON,         *
                        *
        Plaintiffs,     *
                        *
    v.                  *    CV 115-103
                        *
ROLANDO DE LA FUENTE TRUCKING, *
ROLANDO DE LA FUENTE,   *
NORTHLAND INSURANCE COMPANY, *
and JOHN DOE(S) 1-5,    *
CORPORATION(S) 1-3,     *
                        *
        Defendants.     *

**O R D E R**

Presently before the Court is Plaintiffs' motion to remand for untimely removal. (Doc. 4.) As discussed below, because the Court finds that Defendants' removal was timely, Plaintiffs' motion is **DENIED**.

### I. BACKGROUND

This case arises from an automobile collision between Plaintiff Laurie Shelton and Defendant Rolando De La Fuente. While driving westbound on Interstate 20 in October 2012, Defendant De La Fuente's truck allegedly struck Laurie Shelton's car, injuring her. In August 2014, Plaintiffs filed suit in the Superior Court of Richmond County, Georgia against Rolando De La

Fuente Trucking,[1] Rolando De La Fuente, and Northland Insurance Company for the injuries allegedly sustained from the collision. (See Doc. 1, Ex. A.) Plaintiffs' complaint alleges negligence per se, negligence, respondeat superior, and loss of consortium. Plaintiffs seek damages for unspecified medical expenses, pain and suffering, lost wages, and loss of consortium for Edward Shelton.[2] Defendants answered and served Plaintiffs with discovery requests, seeking information regarding damages and medical records. (Doc. 4, Exs. F, G.) Plaintiffs responded to the discovery requests on October 9, 2014, and indicated that Ms. Shelton's medical expenses at that time totaled $8,265.31, she had used 140 hours of leave, she could not reach upward or lift anything heavy without pain, and that she suffered from "whiplash, cervical strain, cervical muscle strain, C5-6 foraminal stenosis with right nerve impingement, C5-6 annular bulge, C6-7 annular bulge with right nerve root impingement, and [] severe/debilitating headaches three days/week." (Doc. 4, Ex. F ¶¶ 4, 7, 15, 28.) Ms. Shelton's responses also indicated that she was scheduled to undergo surgery. (See id. ¶ 10.)

Several months later, on June 11, 2015, Plaintiffs sent a letter to Defendant Northland Insurance Company demanding

---

[1] Defendants maintain that Rolando De La Fuente Trucking does not exist. (Doc. 1 ¶ 4.) Its existence, however, is not relevant to the issue now before the Court.

[2] Because this claim was brought on Mr. Shelton's behalf, he is styled as a plaintiff in this case. Neither party, however, has argued that his injuries meet the amount in controversy. Accordingly, the Court only addresses Ms. Shelton's damages with regard to the amount in controversy, though the Court uses the plural form of plaintiff throughout the Order.

payment of $1,000,000.00, including $116,969.34 in medical expenses and lost wages. (Doc. 1, Ex. D.) Upon receipt of this letter, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (See Doc. 1.) Plaintiffs now move to remand the case to the Superior Court of Richmond County, contending that Defendants' removal was untimely.

## II. DISCUSSION

Under 28 U.S.C. § 1441, a defendant may remove an action when the federal court would possess original jurisdiction over the subject matter. 28 U.S.C. § 1441. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states . . . ." 28 U.S.C. § 1332. Generally, a defendant must remove an action within thirty days of the receipt of the initial pleading. See 28 U.S.C. § 1446(b)(1). But when the case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

A removing defendant has the burden to establish federal jurisdiction. See Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th

Cir. 1996). And the removing party must point to facts, not conclusory allegations. See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). In fact, "[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Id. at 1319.

In this case, Plaintiffs do not dispute subject-matter jurisdiction; the only issue is whether Defendants timely removed the action to this Court. And since Plaintiffs do not contend that their initial pleading created federal jurisdiction, this case is governed by the third paragraph of § 1446(b). Accordingly, the thirty-day clock began to run when Defendants received "a copy of an amended pleading, motion, order or other paper" from which it was first ascertained that the case was removable. 28 U.S.C. § 1446. "It is clear that interrogatory answers can constitute 'other papers.'" Field v. Nat'l Fire Ins. Co., No. 8:00-CV-989-T-24TBM, 2001 WL 77101, at *7 (M.D. Fla. Jan. 22, 2001). And demand letters are permitted as other paper. See Golden v. Dodge-Markham Co., 1 F. Supp. 2d 1360, 1364 (M.D. Fla. 1998).

Plaintiffs contend that Defendants received "other paper" notifying them that the case had become removable no later than October 2014. Specifically, Plaintiffs point to Ms. Shelton's responses regarding the extent of her injuries, her expenses,

4

and her scheduled surgery. Defendants contend that they were not aware that the case was removable until they received Plaintiffs' demand letter in June 2015. The Court agrees with Defendants.

Ms. Shelton responded to discovery requests regarding her doctor and hospital visits, her medical records, her lost wages, and the extent of her injuries. Her responses indicated the following: $8,265.31 in medical expenses; an unspecified amount of lost wages; debilitating headaches; a number of injuries, including whiplash; that she could not reach upward or lift anything heavy without pain; and that she was scheduled to undergo surgery.[3] (Doc. 4, Ex. F ¶¶ 4, 7, 10, 15, 28.) None of Ms. Shelton's responses indicated the severity of the surgery, and none discussed the cost of the surgery.[4] Prior to receiving the demand letter, Defendants could only have ascertained that Ms. Shelton sought $8,265.31 in expenses, an unspecified amount for pain and suffering, an unspecified amount in lost wages, and an unspecified amount for a scheduled surgery. It was not until

---

[3] In further support of their contention that Defendants were aware that Ms. Shelton was scheduled to undergo surgery, Plaintiffs point to a voicemail and an e-mail in which Plaintiffs' counsel informed Defendants' counsel of the surgery. (Watson Aff., Doc. 4, Ex. ¶¶ 6-7.) Plaintiffs also cite medical records that show Ms. Shelton was to be evaluated for surgery. (See Medical Records, Doc. 4, Ex. F.) The Court, however, finds it unnecessary to address each of these separately because the Court is satisfied that Defendants were aware that Ms. Shelton was scheduled to undergo surgery. Accordingly, the Court declines to address whether the voicemail qualifies as "other paper."

[4] At best, Plaintiffs' counsel informed Defendants' counsel of the type of surgery Ms. Shelton was scheduled to have. (See Wilson Aff., Doc. 4, Ex. E ¶ 7.) Even if the Court were to consider the voicemail as possible "other paper," Plaintiffs' counsel purports to have said only that Ms. Shelton was scheduled to have a certain type of surgery. He did not indicate its severity or cost.

5

June 2015 that Defendants learned that Plaintiffs sought $1,000,000.00 in damages, including $116,969.34 in medical expenses and lost wages. Because Defendants could not firmly establish the amount in controversy until this time, and because Defendants removed the action within thirty days thereafter, Plaintiffs' motion to remand is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 19th day of October, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA